UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

    v.                                     **DECISION AND ORDER**
                                                  03-CR-214S

THOMAS GORDON,

                        Defendant.

       1.       On March 4, 2005, the United States Court of Appeals for the Second Circuit remanded this case for possible resentencing pursuant to its decision in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005).[1]  See United States v. Gordon, 126 Fed. Appx. 12, 2005 WL 545464 (2d Cir. Mar. 4, 2005).  Defendant has requested resentencing based on the argument that his Criminal History Category of II overrepresents the seriousness of his criminal past.

       2.       Remands pursuant to Crosby require the district court to first determine whether the defendant should be resentenced.  See Crosby, 397 F.3d at 118 ("'further sentencing proceedings' generally appropriate for pre-Booker/Fanfan sentences pending on direct review will be a remand to the district court, not for the purpose of a required resentencing, but only for the more limited purpose of permitting the sentencing judge to determine *whether* to resentence" (emphasis in original)).  In making this determination, the court must examine whether it would have imposed a "nontrivially different" sentence had it been aware at the time of sentencing of the advisory nature of the United States Sentencing Guidelines as found by the Supreme Court in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).  See Crosby, 397 F.3d at 117.  This

---

[1] This Court notes that the sentence it imposed on Defendant was otherwise affirmed.

determination does not require the presence of the defendant.  See id. at 120.  It does, however, require that the district court "place on the record a decision not to resentence, with an appropriate explanation, or vacate the sentence and, with the Defendant present, resentence."  Id.

      3.     On September 14, 2005, Defendant filed an Application for Resentencing.  On September 23, 2005, Defendant filed a Memorandum of Law in Support of his Application, wherein he argues that he should be resentenced because his Criminal History Category of II overstates the seriousness of his criminal past.  In response, the Government filed a notice indicating that it takes no position on Defendant's Application in conformity with its obligations under United States v. Lawlor, 168 F.3d 633 (2d Cir. 1999).

      4.     Having reviewed the parties' submissions, the statutory sentencing factors set forth in 18 U.S.C. § 3553(a), and the terms of the original sentence, this Court finds that the previously imposed sentence is fair, reasonable, and just.  This Court is unpersuaded that Defendant's criminal history overstates the seriousness of his criminal past and the likelihood that he will commit other crimes.  See U.S.S.G. § 4A1.3.  Upon complete review of the record, this Court finds that it would not have imposed a different sentence at the original time of sentencing even if it had viewed the Guidelines as advisory.  Accordingly, Defendant shall not be resentenced.

     IT HEREBY IS ORDERED, that Defendant's Application for Resentencing (Docket No. 51) is DENIED.

FURTHER, that the Clerk of the Court is directed to close this case.

Dated:  January 24, 2006
        Buffalo, New York

                                        /s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        United States District Judge